```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
                                     :
WELTON GOODWIN, JR.,                 :
                                     :
                         Plaintiff,  :
                                     :      10 Civ. 5546 (KBF)
           -v-                       :
                                     :      MEMORANDUM OPINION
SOLIL MANAGEMENT LLC; THE LILLIAN GOLDMAN  :      & ORDER
FAMILY, LLC; LOCAL 32 BJ/SEIU; BUILDING :
SERVICE 32BJ BENEFIT FUNDS,          :
                                     :
                         Defendants. :
                                     :
------------------------------------ X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: FEB 16 2012

KATHERINE B. FORREST, District Judge:

On June 21, 2010, pro se plaintiff Welton Goodwin ("Goodwin" or "plaintiff") brought this lawsuit against Service Employees International Union, Local 32BJ ("Local 32BJ" or "defendant") and others arising out of the termination of Goodwin's employment from defendant Solil Management. On January 17, 2012, Local 32BJ moved to dismiss the claims asserted against it. For the following reasons, the defendant's motion to dismiss is a GRANTED.

First, this Court--construing, as it must, the pleadings filed by this pro se plaintiff liberally to raise the strongest claims possible, Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009)--finds that the claim for breach of the duty of fair representation against Local 32BJ is time barred. The statute of limitations for a breach of duty of fair representation claim is

six months and accrues when the plaintiff knew or reasonably should have known that such a breach had occurred. Urena v. Am. Airlines, Inc., 152 Fed. Appx. 63, 65 (2d. Cir. 2005). "Once a plaintiff learns of his union's breach of its duty of fair representation, the union's subsequent failure to actually represent the plaintiff cannot be treated as a continuing violation that precludes the running of the limitations period." Buttry v. Gen. Signal Corp., 68 F.3d 1488, 1492 (2d. Cir. 1995). Here, plaintiff's claim for breach of the duty of fair representation relates to events that occurred in 2004. (See Am. Compl. ¶ III.B.) Furthermore, a review of Goodwin's pleadings, and those documents which he attaches to them, leaves no doubt that plaintiff knew of any alleged breach beyond six months prior to filing his complaint. (See e.g., Compl. at 7; id. at 12.) Plaintiff's claim related to a breach of the duty of fair representation against Local 32BJ is therefore DISMISSED.

Construed liberally, plaintiff also alleges that Local 32BJ denied him disability benefits. (Am. Compl. at 5.) "In a recovery of benefits claim, only the plan and the administrators and trustees of the plan in their capacity as such may be held liable." Leonelli v. Pennwalt Corp., 887 F.2d 1195, 1199 (2d Cir. 1989). Local 32BJ, which is not the plan administrator, is thus not the correct defendant for this claim. In recognition of this, the Court construed Goodwin's pleadings as asserting a

claim against the plan administrator, Building Service 32BJ Benefit Funds, and issued an Order, dated November 18, 2011, directing the Clerk of the Court to add Building Service 32BJ Benefit Funds as a defendant. (Dkt No. 11.) Plaintiff's claim against Local 32BJ based on an alleged denial of benefits is DISMISSED.

For the foregoing reasons, defendant Local 32BJ's motion to dismiss is GRANTED with prejudice, as any attempt to amend the pleadings in this case would be futile.

SO ORDERED.

Dated:   New York, New York
         February 16, 2012

_____
KATHERINE B. FORREST
United States District Judge