UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------- X
                              :

WELTON GOODWIN, JR.,          :

                     :

             Plaintiff,    :

                     :    10 Civ. 5546 (KBF)

       -v-            :

                     :    MEMORANDUM OPINION

SOLIL MANAGEMENT LLC; THE LILLIAN GOLDMAN  :       & ORDER

FAMILY, LLC; LOCAL 32 BJ/SEIU; BUILDING  :

SERVICE 32BJ BENEFIT FUNDS,       :

                     :

             Defendants.   :

                     :

------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: FEB 1 6 2012

KATHERINE B. FORREST, District Judge:

    On June 21, 2010, pro se plaintiff Welton Goodwin
("Goodwin" or "plaintiff") brought this lawsuit against Service
Employees International Union, Local 32BJ ("Local 32BJ" or
"defendant") and others arising out of the termination of
Goodwin's employment from defendant Solil Management. On January
17, 2012, Local 32BJ moved to dismiss the claims asserted
against it. For the following reasons, the defendant's motion to
dismiss is a GRANTED.

    First, this Court--construing, as it must, the pleadings
filed by this pro se plaintiff liberally to raise the strongest
claims possible, Harris v. Mills, 572 F.3d 66, 72 (2d Cir.
2009)--finds that the claim for breach of the duty of fair
representation against Local 32BJ is time barred. The statute of
limitations for a breach of duty of fair representation claim is

six months and accrues when the plaintiff knew or reasonably
should have known that such a breach had occurred. Urena v. Am.
Airlines, Inc., 152 Fed. Appx. 63, 65 (2d. Cir. 2005). "Once a
plaintiff learns of his union's breach of its duty of fair
representation, the union's subsequent failure to actually
represent the plaintiff cannot be treated as a continuing
violation that precludes the running of the limitations period."
Buttry v. Gen. Signal Corp., 68 F.3d 1488, 1492 (2d. Cir. 1995).
Here, plaintiff's claim for breach of the duty of fair
representation relates to events that occurred in 2004. (See Am.
Compl. ¶ III.B.) Furthermore, a review of Goodwin's pleadings,
and those documents which he attaches to them, leaves no doubt
that plaintiff knew of any alleged breach beyond six months
prior to filing his complaint. (See e.g., Compl. at 7; id. at
12.) Plaintiff's claim related to a breach of the duty of fair
representation against Local 32BJ is therefore DISMISSED.

    Construed liberally, plaintiff also alleges that Local 32BJ
denied him disability benefits. (Am. Compl. at 5.) "In a
recovery of benefits claim, only the plan and the administrators
and trustees of the plan in their capacity as such may be held
liable." Leonelli v. Pennwalt Corp., 887 F.2d 1195, 1199 (2d
Cir. 1989). Local 32BJ, which is not the plan administrator, is
thus not the correct defendant for this claim. In recognition of
this, the Court construed Goodwin's pleadings as asserting a

claim against the plan administrator, Building Service 32BJ
Benefit Funds, and issued an Order, dated November 18, 2011,
directing the Clerk of the Court to add Building Service 32BJ
Benefit Funds as a defendant. (Dkt No. 11.) Plaintiff's claim
against Local 32BJ based on an alleged denial of benefits is
DISMISSED.

For the foregoing reasons, defendant Local 32BJ's motion to
dismiss is GRANTED with prejudice, as any attempt to amend the
pleadings in this case would be futile.

SO ORDERED.

Dated:     New York, New York
           February 16, 2012

                                    KATHERINE B. FORREST
                                 United States District Judge